UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOULEYMANE DIALLO,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2921

Honorable Paul L. Maloney

# OPINION

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while detained by ICE by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.14–15.) Petitioner also sought a temporary restraining order and expedited consideration of his petition. (ECF No. 2.)

In an order entered on October 14, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted.

(Order, ECF No. 4.) On November 2, 2026, Respondents filed a motion to dismiss the petition for lack of jurisdiction. (ECF Nos. 8, 9.)

**II. Relevant Factual Background**

Petitioner is a native and citizen of Guinea who entered the United States on or about December 29, 2023, seeking asylum, withholding of removal, and protection under the Convention Against Torture. (Pet., ECF No. 1, PageID.5.) Petitioner was detained in ICE custody on December 20, 2025. (*Id.*, PageID.1.) On January 16, 2026, an Immigration Judge ordered Petitioner removed to Uganda. (*Id.*) The Board of Immigration Appeals did not receive an appeal. (*Id.*) A motion to reopen was denied on May 18, 2026. (*Id.*, PageID.2.) On October 28, 2026, Respondents filed a motion to dismiss the petition, stating that on October 28, 2026, ICE removed Petitioner from the United States and Petitioner is no longer in the custody of Respondents. (Mem. in Supp. of Mot. to Dismiss, ECF No. 9, PageID.105 (citing Form I-205, ECF No. 9-1, PageID.110).)

**III. Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—

'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

**IV. Analysis**

In Petitioner's § 2241 petition, as relief, Petitioner asked the Court to order Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.14.) After initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody. (Mem. in Supp. of Mot. to Dismiss, ECF No. 9, PageID.105.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 10, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[1] The resolution of this case, as set forth in this opinion, moots Respondents' pending motion to dismiss and Petitioner's motion for temporary restraining order and expedited consideration.